O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| WACHOVIA MORTGAGE, FSB, | Case No. 2:15-cv-03903-ODW(AS) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S** |
| NATHAN FINLEY RABB, JR; UNITED STATES OF AMERICA; STATE OF CALIFORNIA FRANCHISE TAX BOARD; DOES 1through 50, inclusive, | **MOTION TO REMAND [8]** |
| Defendants. | |

On May 22, 2015, Defendant Nathan Finley Rabb removed this unlawful detainer action from Los Angeles Superior Court. (ECF No. 1.) In his Notice of Removal, "Nathan F. Rabb Jr. World Citizen" alleges that his home is "connected to a Diplomatic Firm Organization and has full diplomatic immunity connected to the International Court and part of the World Treaty/World Tax Treat and or is subject to the International Tribunal/International War Crimes Tribunal." (*Id.* at 2.)

The Complaint asserts a single cause of action for unlawful detainer. (ECF No. 1, Ex. A.) Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Whether a claim "arises under" federal law must be determined by reference to the

"well-pleaded complaint." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Thus, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim.").

Plaintiff's Complaint does not, on its face, raise a federal question. It states a single claim for unlawful detainer which is solely a state law cause of action. A single claim for unlawful detainer does not invoke this Court's jurisdiction. *See Canterbury Lots 68, LLC v. De La Torre*, No. 13-cv-00712, 2013 WL 781974, *3 (C.D. Cal. Feb. 28, 2013) (remanding action where complaint only raised a single cause of action for unlawful detainer); *Golden Union Properties, LLC v. Amesquita*, No. 10-cv-09607, 2011 WL 321095, *3 (C.D. Cal. Jan. 26, 2011) (remanding case for lack of subject matter jurisdiction where complaint contained only an unlawful detainer claim); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-cv-02337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (same); *Galileo Financial v. Miin Sun Park*, No. 09-cv-1660, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.")

Furthermore, on May 18, 2015, Judge Margaret Morrow remanded Rabb's first attempt at removing this action. *Wells Fargo N.A. v. Rabb*, No. 2:15-cv-02785-MMM (C.D. Cal. May 18, 2015) (remand order). Successive removals are improper "[a]bsent a showing that the posture of the case has so changed that it is substantially a new case." *Leon v. Gordon Trucking, Inc.*, No. 14-cv-06574-MMM, 2014 WL 7447701, *5 (C.D. Cal. Dec. 31, 2014). "[A]bsent new and different grounds for

1  removal based on newly discovered facts or law, a defendant who improperly removes
2  a case after a federal court previously remanded it risks being sanctioned under
3  Federal Rule of Civil Procedure 11." *Fed. Home Loan Mortgage Corp. v. Pulido*, No.
4  12-cv-04525, 2012 WL 5199441, *2 (N.D. Cal. Oct. 20, 2012). Rabb fails to explain
5  how this matter became a "substantially new case" in the ten days between Judge
6  Morrow's remand order and the removal of this action. Rabb's successive removal is
7  therefore improper.

8  Based on the reasons stated above, the Court hereby **GRANTS** Plaintiff's
9  Motion to Remand. (ECF No. 8.) Plaintiff's Ex Parte Application is **MOOT**. (ECF
10 No. 9.) Case number BC395030 is hereby **REMANDED** to Los Angeles County
11 Superior Court. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

May 29, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

3